UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANDERSON LEE FERNANDERS,

                                                          Case Number 15-10557
                Debtor.                                   Bankr. Number 14-32678
_____/                       Honorable David M. Lawson

ANDERSON LEE FERNANDERS,

                Appellant,

v.

WELLS FARGO DEALER SERVICES,
WELLS FARGO BANK N.A.,
WELLS FARGO FINANCIAL MICHIGAN, INC.,
JOHN STODDARD, AND FABRIZIO & BROOKS,

                Appellee.
_____/


**OPINION AND ORDER DISMISSING APPEAL**

        Before the Court is a notice of appeal filed by Anderson Lee Fernanders, a bankruptcy debtor

representing himself.  Fernanders seeks appellate relief from a bankruptcy judge's order denying his

motion for sanctions and other equitable relief against Wells Fargo Dealer Services, Wells Fargo

Bank N.A., Wells Fargo Financial Michigan, Incorporated, John Stoddard, and Fabrizio & Brooks.

That order is not a final order from which Fernanders would have a right to appeal.  Therefore, the

Court will treat the notice of appeal as a motion for leave to appeal.  None of the relevant factors

favors granting such a motion.  Therefore, the Court will deny leave to appeal and dismiss the

appeal.

I.

Appellant Anderson Lee Fernanders filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 2, 2014.  He listed a 2009 Buick Lacrosse vehicle as an asset in his bankruptcy petition.  Fernanders purchased the vehicle on credit, and to secure financing he granted a security interest in the vehicle to Wells Fargo Dealer Services.  Wells Fargo perfected its security interest in the vehicle by recording its interest on the State of Ohio Certificate of Title, which Fernanders designated as part of his bankruptcy record.  On October 24, 2014, Wells Fargo Dealer Services filed a motion for relief from the automatic stay, alleging that it had a perfected security interest in the vehicle, Fernanders was delinquent in the amount of $1,288.52, and its collateral position in the vehicle was being eroded.  Fernanders disputed the motion, reasoning that the vehicle was insured so its loss of value should not have been a concern.  The bankruptcy judge rejected that position on December 10, 2014, and issued an order conditionally lifting the automatic stay.  Fernanders did not appeal that order.

On December 19, 2014, Fernanders filed a motion for sanctions and other equitable relief against Wells Fargo Dealer Services, Wells Fargo Bank N.A., Wells Fargo Financial Michigan, Inc., John D. Stoddard, and Fabrizio & Brooks, P.C., arguing that Wells Fargo willfully violated the stay by misrepresenting its interest in his vehicle.  Fernanders alleged that Wells Fargo did not have a perfected security interest in his vehicle because his car loan had been packaged as a derivative and sold to other entities as an investment product.  He contended that Wells Fargo was participating in an organized crime scheme by enriching itself through sub-prime mortgages that were later bundled and sold to investors.  He had no facts or verifying documents to back up those allegations, other than his own affidavit.  Nonetheless, Fernanders contended that the appellees are liable for fraud,

-2-

breach of express and implied good faith and fiduciary duties, negligence, and violations of the Racketeer Influenced and Corrupt Organization (RICO) Act.

On January 28, 2015, the bankruptcy judge denied Fernanders's motion for sanctions and equitable relief.  Fernanders filed a notice of appeal on February 12, 2015.

## II.

Neither party addressed the issue of this Court's jurisdiction to hear the appeal.  However, the Court must look to that issue first.  *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013) (noting that "subject matter jurisdiction is neither forfeitable nor waivable, meaning we must address it at the outset, whether the parties want us to or not, whether they think jurisdiction exists or not").

The district court's appellate jurisdiction over bankruptcy matters extends to "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  28 U.S.C. § 158(a).  The term "final order" used in this statute carries the same meaning as in the general appellate jurisdiction statute, 28 U.S.C. § 1291.  *Lindsey*, 726 F.3d at 859.  A judgment or order is not considered "final" "'until there has been a decision by the District Court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."'"  *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)).  A non-final order may be appealed, but, as the statute instructs, only "with leave of court."  28 U.S.C. § 158(a)(3).

It is true that the "finality requirement is considered 'in a more pragmatic and less technical way in bankruptcy cases than in other situations.'"  *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir. 1996)

-3-

(quoting *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 541-42 (6th Cir. 1989)).  But that flexibility does not extend to treating non-final orders as final; instead it is reflected in the scheme for allowance of interlocutory appeals, which Congress prescribed.  *See Lindsey*, 726 F.3d at 860.

The bankruptcy judge's order denying Fernanders's motion for sanctions and other equitable relief was not a final order because it did not end the litigation — or any part of it — on the merits. Fernanders, therefore, has no right to appeal that order.

Fernanders has not filed a motion for leave to appeal.  However, Federal Rules of Bankruptcy Procedure 8004(d) confers discretion on district courts to construe the notice of appeal as a motion for leave to appeal the bankruptcy court order.  Rule 8004(d) states:

> If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it.

Fed. R. Bankr. P. 8004(d); *see also* Fed. R. Bankr. P. 8003(c) advisory committee's note (explaining that "if a party mistakenly believes the order appealed from is final and files only a notice of appeal, the appeal is not automatically dismissed.  The district court or bankruptcy appellate panel has the options to direct that a motion be filed, to decide exclusively on the papers already filed to grant leave to appeal, or to deny leave to appeal.").  If the Court determines that "exercising jurisdiction over an interlocutory order is not appropriate, it lacks jurisdiction over the appeal." *In re Amir*, 436 B.R. 1, 8 (B.A.P. 6th Cir. 2010) (citing 28 U.S.C. § 158(a)(3)).

Although the Bankruptcy Rules do not list the factors to consider when leave to appeal an interlocutory order should be granted, the Sixth Circuit generally looks to the rules that apply in the broad range of permission-to-appeal cases. *Lindsey*, 726 F.3d at 858.  The district court considers whether "(1) the order implicates a question of law on which there is no 'controlling' authority and

-4-

it involves a 'matter of public importance'; (2) the order implicates a legal question 'requiring resolution of conflicting decisions'; or (3) an immediate appeal from the order will 'materially advance' the case." *Ibid.* (citing 28 U.S.C. § 158(d)(2)); *see also Cadwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)).

In this case, the appeal does not raise a question of law on which there is no controlling authority. Fernanders sought sanctions on the basis that Wells Fargo willfully violated the bankruptcy court stay. The law regarding the bankruptcy automatic stay is clear. However, there is no factual basis to support Fernanders's allegations that Wells Fargo violated the stay. Instead, Wells Fargo sought relief from the stay from the bankruptcy court, which issued an order conditionally lifting the automatic stay, presumably to allow Wells Fargo to repossess the vehicle. The bankruptcy court was well within its authority to take that action, and there is no evidence that Wells Fargo acted outside the scope of the bankruptcy court's order.

Nor has Fernanders shown that there is a substantial ground for a difference of opinion as to whether the appellees have violated the bankruptcy court's order or whether the appellees should be subject to sanctions. Fernanders alleges that Wells Fargo did not have a perfected security interest in the vehicle. However, Wells Fargo Dealer Services perfected its interest in the motor vehicle when it recorded its interest on the vehicle's certificate of title. *First Merit Bank v. Angelini*, 159 Ohio App. 3d 179, 187, 823 N.E.2d 485, 491 (Ohio Ct. App. 2004) (security interest of car dealer's secured creditor in cars subject to lien was valid against subsequent buyers, where secured creditor had possession of certificate of title, and proper notations of security interest had been made on face of certificates of title by clerk of common pleas court); *Commonwealth Loan Co. v. Berry*, 2 Ohio St. 2d 169, 170, 207 N.E.2d 545, 546 (1965) ("The language of Section 4505.13, Revised

-5-

Code, specifically makes a security agreement conveying a security interest in an automobile, if a notation of such instrument has been made by the Clerk of the Court of Common Pleas on the face of the certificate of title, valid against other lienholders.").

Fernanders suggests that the certificate of title does not reflect the vehicle's true ownership because his car loan has been packaged as a derivative and sold to other entities as an investment product. Once again, however, there is no evidence in the record to support those allegations except Fernanders's personal statements. The bankruptcy court was well within its discretion when it rejected the debtor's theorizing. Fernanders has not shown here why there is a substantial basis for a difference of opinion as to whether Wells Fargo's lien is valid or whether the bankruptcy court's decision denying sanctions missed the mark.

Finally, granting leave to appeal would not materially advance the ultimate termination of the litigation. Instead, it would "unnecessarily delay" and "needlessly duplicate proceedings." *In re Wicheff*, 215 B.R. 839, 844 (6th Cir. B.A.P. 1998).

Because the relevant factors do not favor granting leave to appeal, Fernanders has not shown that the interlocutory order denying his motions for sanctions should be reviewed at this time.

III.

The bankruptcy court's order denying the debtor's motion for sanctions and other equitable relief against Wells Fargo Dealer Services, Wells Fargo Bank N.A., Wells Fargo Financial Michigan, Incorporated, John Stoddard, and Fabrizio & Brooks is not a final order. Therefore, the debtor has no right to appeal that order. Treating the notice of appeal as a motion for leave to appeal, the Court finds that the relevant factors favor denial of that motion.

Accordingly, it is **ORDERED** that the motion for leave to appeal is **DENIED**.

-6-

It is further **ORDERED** that the appeal is **DISMISSED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 20, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on July 20, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI